# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**ALAN ANDREW MACKETY**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:09-CR-92

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged with a number of incidents of sexually abusing his 13-year-old stepdaughter on an Indian reservation. Defendant has apparently admitted to some of this behavior. Defendant's criminal record goes back to 1988 when he was convicted of one, and possibly two, felony offenses. At approximately the time he became aware of the investigation, he took time off from his employment for "personal reasons", was barred from his home and family by virtue of PPO's, dis-enrolled from his tribe himself, and removed a loaded .22 caliber rifle with scope from his house and left it propped up against a tree out in the woods some 75 to 100 yards away under snowy and wet conditions. (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community in light of the many recent changes defendant's life has abruptly undergone and his somewhat bizarre behavior following those changes. Virtually overnight, defendant has lost his home, family, job and tribal membership, and has been publicly exposed as a sex predator who faces a substantial prison sentence. He is an experienced hunter who has, for unexplained reasons, (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 23, 2009

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **ALAN ANDREW MACKETY**
1:09-CR-92
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

It also appears from the testimony that a second gun, possibly a shotgun, has recently disappeared from the home and is not accounted for.  Defendant does have the support of an aunt who appears to have attempted to involve herself in this case in an inappropriate way.

Defendant surrendered voluntarily to the FBI.

**Part II - Written Statement of Reasons for Detention** - (continued)

left a firearm (which as a felon he has no authorization to possess) out in the snow-covered woods.  The second gun is unaccounted for.  Although the court does not find that the government has proven defendant to be a flight risk, his unusual behavior involving at least one firearm, and the fact that there is a missing second firearm, coupled with the abrupt severing of most of defendant's ties to the community, convinces the court there is no way to leave defendant at liberty at this time without endangering the community.